CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 17-1095                                                            DIVISION "C"

ST. CHARLES SURGICAL HOSPITAL, L.L.C. AND
CENTER FOR RESTORATIVE BREAST SURGERY, L.L.C.

VERSUS

LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY D/B/A BLUE
CROSS/BLUE SHIELD OF LOUISIANA, BLUE CROSS & BLUE SHIELD OF
LOUISIANA, INC. AND HMO LOUISIANA, INC.

FILED: _____        _____
                                          DEPUTY CLERK

**CONSENT JUDGMENT**

Considering the Motion for Leave to File Third Amended Petition for Damages filed in this matter, Plaintiffs, St. Charles Surgical Hospital, L.L.C. and Center for Restorative Breast Surgery, L.L.C. (hereinafter collectively "Plaintiffs") and Defendants, Louisiana Health Service & Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana, Blue Cross & Blue Shield of Louisiana, Inc. and HMO Louisiana, Inc. (hereinafter collectively "Defendants") hereby agree to enter into this Consent Judgment.

On October 10, 2019, Plaintiffs filed their Motion for Leave to File Third Amended Petition. Defendants have agreed to waive formal service on Plaintiffs' Motion for Leave to File Third Amended Petition, as well as formal service of Plaintiffs' Third Amended Petition. *See Exhibit A*. There is a hearing on this motion set for November 8, 2019. Defendants do not oppose this Motion for Leave to File Third Amended Petition. *See Exhibit B*. The parties hereby agree that the hearing on Plaintiffs' Motion for Leave to File Third Amended Petition in moot, and that the Third Amended Petition should be filed into the record.

Thus, considering the parties' have jointly consented to the Motion for Leave to File Third Amended Petition;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, that Plaintiffs' St. Charles Surgical Hospital, L.L.C. and Center for Restorative Breast Surgery, L.L.C., Motion for Leave to File Third Amended Petition for Damages be **GRANTED**, and Plaintiffs' previously filed Third Amended Petition for Damages is hereby filed into the record in the above referenced case. New Orleans, Louisiana, this 7th day of Nov., 2019.

_____
HON. SIDNEY CATES, IV

EXHIBIT 1

New Orleans, Louisiana, this _____ day of _____, 2019.

_____
THE HONORABLE SIDNEY H. CATES IV

Respectfully Submitted,

**CHEHARDY, SHERMAN, WILLIAMS, MURRAY, RECILE, STAKELUM, & HAYES, L.L.P.**

_____
JAMES M. WILLIAMS, L.B.N. 26141
DAVID R. SHERMAN, L.B.N. 12015
DANIEL E. BURAS, JR., L.B.N. 26226
MATTHEW A. SHERMAN, L.B.N. 32687
PATRICK R. FOLLETTE, L.B.N., 34547
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 833-8080
*Attorneys for Plaintiffs*

**PLEASE SERVE:**

**LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY D/B/A BLUE CROSS/BLUE SHIELD OF LOUISIANA, BLUE CROSS & BLUE SHIELD OF LOUISIANA, INC., HMO LOUISIANA, INC.**
Through its counsel of record:
Richard J. Tyler
Covert J. Geary
Michael C. Drew
Tyler J. Rench
JONES WALKER, LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170





**Kristyn Lirette**

| | |
|---|---|
| From: | Drew, Michael <mdrew@joneswalker.com> |
| Sent: | Wednesday, October 30, 2019 5:55 PM |
| To: | Kristyn Lirette |
| Cc: | Matthew Sherman; Patrick Follette; Daniel Buras; Tyler, Richard |
| Subject: | RE: BCBS - Motion for Leave |

Kristen,

We agree to waive formal service on both the motion for leave and filed Third Amended Petition. You can simply email me the signed consent judgment and the as-filed Third Amended Petition.

Thanks,
Mike

**Michael C. Drew** | Partner
Jones Walker LLP
D: 504.582.8318
mdrew@joneswalker.com

**From:** Kristyn Lirette <kl@chehardy.com>
**Sent:** Wednesday, October 30, 2019 4:42 PM
**To:** Drew, Michael <mdrew@joneswalker.com>
**Cc:** Matthew Sherman <mas@chehardy.com>; Patrick Follette <prf@chehardy.com>; Daniel Buras <db@chehardy.com>; Tyler, Richard <rtyler@joneswalker.com>
**Subject:** [EXTERNAL] RE: BCBS - Motion for Leave

Good afternoon, Mr. Drew,

The Court would prefer a Consent Judgment as opposed to an order. Would you please review the attached, and let me know of any corrections you may have.

The Court also let me know that you have not been formally served yet. If you agree to the following in regards to a waiver of service, we can bypass a second formal service of the Third Amended Petition. Please let me know if you agree to waive service. If in agreement, your response will be used as Exhibit B.

> *"Defendants have agreed to waive formal service on*
> *Plaintiff's Motion for Leave to File Third Amended Petition,*
> *as well as formal service of Plaintiffs' Third Amended Petition"*

Thank you,

1





FILED
2019 OCT 31 PM 3:06
CIVIL
DISTRICT COURT

**Kristyn Lirette**

| | |
|---|---|
| **From:** | Drew, Michael <mdrew@joneswalker.com> |
| **Sent:** | Monday, October 28, 2019 6:24 PM |
| **To:** | Kristyn Lirette |
| **Cc:** | Matthew Sherman; Patrick Follette; Daniel Buras; Tyler, Richard |
| **Subject:** | RE: BCBS - Motion for Leave |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Matthew,

Per our phone call, BCBSLA does not intend to oppose your motion for leave to file a third amended petition. You indicated that you'll inform the Court. Please also provide us with the as-filed third amended petition so we can calculate our deadlines to respond.

Kind regards,
Mike

**Michael C. Drew** | Partner
Jones Walker LLP
D: 504.582.8318
mdrew@joneswalker.com

**From:** Kristyn Lirette <kl@chehardy.com>
**Sent:** Thursday, October 10, 2019 4:45 PM
**To:** Drew, Michael <mdrew@joneswalker.com>
**Cc:** Matthew Sherman <mas@chehardy.com>; Patrick Follette <prf@chehardy.com>; Daniel Buras <db@chehardy.com>
**Subject:** [EXTERNAL] BCBS - Motion for Leave

Good afternoon,

The attached was filed with the Court today.

Thank you,



Kristyn M. Lirette
Legal Assistant to Preston L. Hayes,
Matthew A. Sherman & Patrick Follette
Chehardy Sherman Ellis Murray Recile
Griffith Stakelum & Hayes, LLP
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504)833-5600
Direct Dial: (504)962-4215
Facsimile: (504)336-2049
E-mail: kl@chehardy.com

1

VERIFIED



FILED

2019 OCT 10 AM 10: 53

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 17-1095            DIVISION "C"

ST. CHARLES SURGICAL HOSPITAL, L.L.C. AND
CENTER FOR RESTORATIVE BREAST SURGERY, L.L.C.

VERSUS

LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY D/B/A BLUE
CROSS/BLUE SHIELD OF LOUISIANA, BLUE CROSS & BLUE SHIELD OF
LOUISIANA, INC. AND HMO LOUISIANA, INC.

FILED: _____      _____
                                                                  DEPUTY CLERK

### THIRD AMENDED PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come plaintiffs, ST. CHARLES SURGICAL HOSPITAL, L.L.C. and CENTER FOR RESTORATIVE BREAST SURGERY, L.L.C. (hereinafter collectively referred to as "Plaintiffs"), limited liability companies which are licensed to do and doing business in the Parish of Orleans, State of Louisiana, who respectfully submit this Third Amended Petition for Damages and represent that:

### PARTY DEFENDANTS

Made defendants herein are:

A. LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, D/B/A BLUE CROSS/BLUE SHIELD OF LOUISIANA, a Louisiana corporation licensed to do and doing business in this Parish and this State;

B. BLUE CROSS & BLUE SHIELD OF LOUISIANA, INC., a Louisiana corporation licensed to do and doing business in this Parish and this State; and

C. HMO LOUISIANA, INC., a Louisiana corporation licensed to do and doing business in this Parish and this State.

The aforementioned defendants are hereinafter collectively referred to as "Defendants".

### NATURE OF ACTION

1. This case concerns Plaintiffs' state law fraud claims against Defendants for Defendants' continuing failure to pay Plaintiffs an appropriate amount of money for medical services provided by Plaintiffs, and Plaintiffs' claims for Abuse of Rights.

1

2. Defendants intentionally deceived Plaintiffs and profited financially by defrauding Plaintiffs after Plaintiffs rendered critical medical treatment and surgical care to customers of Defendants, many of whom were diagnosed with breast cancer.

3. Despite Defendants' representations and authorizations that Defendants would pay the out-of-network provider's charges for medical services, Defendants systematically reduced their payments to Plaintiffs, with the intention either to obtain an unjust advantage or to cause a loss or inconvenience to Plaintiffs.

4. Defendants, acting in bad faith and with the intention to cause harm to Plaintiffs, extremely underpaid Plaintiffs and made gross and erroneous representations to Plaintiffs that caused Plaintiffs to suffer damages.

5. The actions of Defendants violate moral rules, were taken in bad faith, and violate elementary fairness.

5. Defendants grossly violated their rights for purposes other than that for which it was granted.

6. Plaintiffs, relying on Defendants' authorizations, statements, confirmation of medical necessity, and representations, provided quality services to Defendants' customers, only to receive grossly insufficient payments. Given Defendants' statements and representations, Plaintiffs are entitled to recover an appropriate and reasonable amount for medical services rendered to Defendants' customers.

7. Defendants have engaged in a continuous, systematic, sophisticated, and intentional conduct to avoid paying Plaintiffs what Defendants should pay for services rendered.

8. Defendants have employed sophisticated and intentional intimidation tactics against Plaintiffs as part of their scheme to defraud.

9. Defendants intentionally and knowingly delayed payments to Plaintiffs to cause economic harm to Plaintiffs.

10. Defendants have employed intimidating, harassing, and unconscionable tactics against patients seeking to use Plaintiffs' services as part of Defendants' scheme to defraud.

11. Highly suspicious facts and circumstances confirm that Defendants have engaged in a continuous systematic, sophisticated, and intentional scheme to defraud Plaintiffs.

12. Plaintiffs have been severely injured and financially damaged as a result of Defendants' unlawful actions.

13. Despite repeated efforts by Plaintiffs to amicably resolve these issues, Plaintiffs' entreaties have been to no avail.

## VENUE AND JURISDICTION

14. Venue is proper in this matter pursuant to La. C.C.P. arts. 42, 74 and 76.1. Defendants are entities doing substantial business in Louisiana.

## FACTUAL BACKGROUND

15. Plaintiffs are a superior medical facility with world-renowned pioneers in their specific surgical procedures and techniques who focus a significant amount of their services on treatment of women diagnosed with breast cancer.

16. Plaintiffs provide surgical and related care to patients in the New Orleans area.

17. Plaintiffs are considered "Non-participating provider(s)" by Defendants because they do not have a contract with Defendants. This means that Plaintiffs are out-of-network providers.

18. One of the reasons Defendants targeted Plaintiffs and have knowingly and intentionally defrauded and harmed Plaintiffs is because Plaintiffs are out-of-network providers. Plaintiffs regularly provided medical care to customers of Defendants for over a decade through the present, even though Plaintiffs' hospital and medical practice are not within the network of Defendants' providers.

19. Numerous customers of Defendants from across the country have chosen to receive their care at Plaintiffs' hospital and medical practice.

20. Plaintiffs' care is of the highest quality.

21. Plaintiffs' charges are fair and reasonable.

22. Plaintiffs have had an ongoing, consistent, and systematic business relationship with Defendants, despite Defendants' fraudulent actions alleged herein due to Defendants' dominance of the health insurance market.

23. Each and every time before providing services to Defendants' customers, Plaintiffs verify Defendants' agreement or offer to pay for services.

24. Defendants' manual provides that the "authorization department" will first determine if services are medically necessary, and then approve a member to receive the necessary services at the highest possible level.

25. Plaintiffs followed Defendants' procedures and obtained authorizations prior to performing any services for Defendants' customers.

26. After Plaintiffs provided authorized medical services to customers of Defendants, Defendants would, among other things, deny payment and claim that its issuance of an authorization to render medical care and/or perform procedures did not mean Plaintiffs were authorized to receive payment and/or reasonable payment for those services rendered.

27. Each and every time Plaintiffs contact Defendants, Plaintiffs verify that prospective patients are Defendants' customers, that Defendants will pay for medical bills for out of network medical services, such as those Plaintiffs provide, and that Defendants agree and offer to pay Plaintiffs a fair and reasonable amount.

28. Each and every time, based on Defendants' communications and authorization, Plaintiffs provide medical services to Defendants' customers.

29. After performing services to patients who are Defendants' customers, Plaintiffs timely provide to Defendants a bill for services rendered, including a detailed itemization of services and supplies rendered in the course of such care, along with supporting documentation.

30. Because of Defendants' continuous systematic, sophisticated, and intentional scheme to harm and defraud Plaintiffs, Plaintiffs were placed in an awkward and damaging position with patients who were previously told that the medical care and treatment rendered was authorized by Defendants.

31. Each and every time, Defendants communicated to Plaintiffs before Plaintiffs provided medical services to Defendants' customers, the fact that Defendants would pay a fair and reasonable amount for the authorized services rendered by Plaintiffs. As such, Defendants expected Plaintiffs to rely upon the information represented by Defendants, and Plaintiffs relied upon same and provided medical services to Defendants' customers.

32. Each and every time after the medical services were performed by Plaintiffs, Plaintiffs prepared and sent a bill for services rendered to Defendants. Defendants intentionally, consistently, and systematically failed to pay what Defendants agreed/offered or a fair and

reasonable amount, in violation of Louisiana Law. Instead, Defendants only paid cents on the dollar.

33. Defendants arbitrarily and capriciously violated their agreement to pay to cause harm to Plaintiffs.

34. Defendants unilaterally and in bad faith refused to pay the amounts previously agreed upon or a reasonable amount, and knowingly and intentionally caused harm to Plaintiffs.

35. Defendants have converted money Defendants owed to Plaintiffs to Defendants' own use.

36. Each and every time Plaintiffs relied upon, and were entitled to rely upon, to their detriment, Defendants' web portal and/or other statements made by Defendants, whether oral or otherwise, regarding Defendants' agreement or offer to pay Plaintiffs a fair and reasonable amount for the services rendered by Plaintiffs.

37. Defendants published statements to Plaintiffs that they will pay out-of-network providers a designated percentage of the medical bill or a reasonable amount.

38. Despite Defendants' confirmation that they would pay a designated percentage of Plaintiffs' bill for out of network services or a reasonable amount, Defendants engaged in a systematic, arbitrary and intentional effort to pay Plaintiffs only cents on the dollar for services Plaintiffs rendered. This fraudulent business practice and business policy of Defendants has been implemented and ongoing since Plaintiffs began working with Defendants.

39. Defendants - the dominant and largest insurance provider in the Greater New Orleans area and throughout Louisiana, by market share and according to their own website, the nation's largest family of health insurers - has used their market share to intimidate, harass, and attempt to force providers like Plaintiffs to accept minimal payments for services.

40. Defendants have engaged in a continuous, systematic and collusive practice aimed at reducing payments to out-of-network providers.

41. As further evidence of Defendants' bad acts, they have threatened and "targeted" doctors, including Plaintiffs' physicians, who practice at out-of-network facilities that these physicians will not be paid by Defendants unless they affiliate themselves with an in-network hospital.

42. Defendants have also "targeted" patients of Plaintiffs by calling and/or communicating with them shortly before scheduled services (and after Defendants had authorized Plaintiffs to provide the subject patients medical care and treatment) in an effort to convince such patients to use an in-network provider or hospital.

43. As part of their continuous, systematic, sophisticated, and intentional scheme to defraud, harm, harass, and intimidate Plaintiffs, after authorizing medical care and treatment, Defendants would delay, deny, or make partial payments to Plaintiffs.

44. Upon information and belief, Defendants also interfere with and/or administer claims for out of state insureds and intentionally and systematically underpay Plaintiffs for their services to Defendants' out of state insureds. Defendants also, upon information and belief, remit and/or transmit the payments, if any, to Plaintiffs for Plaintiffs' services to Defendants' out of state insureds.

45. On some occasions, after out-of-state insureds agree to pay Plaintiffs higher amounts for services rendered, and Plaintiffs thereafter provided services, Defendants knowingly, intentionally, and systematically reduced Plaintiffs' payment for services rendered to out-of-state patients lower than the out-of-state insureds agreed to pay Plaintiffs.

46. Defendants have continuously, consistently, systematically, and unreasonably paid Plaintiffs for medical care, which Defendants offered/agreed to pay Plaintiffs, cents on the dollar. This continuous, systematic and unlawful effort has resulted in Plaintiffs' being underpaid by millions of dollars.

47. Defendants engaged in a continuous, systematic, sophisticated, and intentional scheme to defraud and harm Plaintiffs through business practices that attempted to deprive Plaintiffs of documents and materials needed to appeal payments on authorized cases.

48. Although Defendants knew or should have known that Plaintiffs were providing medical care and treatment, Defendants would direct time-sensitive payment related documents with appeal deadlines to sick and recovering cancer patients instead of mailing the documents to Plaintiffs.

49. Through their continuous, systematic, sophisticated, and intentional scheme to defraud, harm, harass, and intimidate Plaintiffs, Defendants refused and failed to recognize valid

and enforceable assignments of claims where Defendants were advised to communicate with Plaintiffs.

50. As part of their continuous, systematic, sophisticated, and intentional scheme to defraud, harm, harass, and intimidate Plaintiffs, Defendants would pay only a portion of charges billed by Plaintiffs.

51. As part of their continuous, systematic, sophisticated, and intentional scheme to defraud, harm, harass, and intimidate Plaintiffs, Defendants have concealed and misrepresented guidelines and criteria to deny, delay, and/or reduce payment for medically necessary covered services and refuse to disclose applicable fee schedules.

52. As part of their continuous, systematic, sophisticated, and intentional scheme to defraud, harm, harass, and intimidate Plaintiffs, Defendants misrepresented and failed to disclose its internal policies and procedures designed to reduce payment through the use of edits that would downcode, reduce, or reject previously authorized payments for medically necessary and covered procedures performed by Plaintiffs.

53. Defendants employed contradictory policies and procedures as part of their continuous, systematic, sophisticated, and intentional scheme to defraud, harm, harass, and intimidate Plaintiffs.

54. Plaintiffs will prove these and other facts and circumstances establishing the fraudulent conduct of Defendants at time of trial.

55. Defendants have failed to provide Plaintiffs with any reasonable basis for their inadequate and extreme underpayments, illustrating that their actions are arbitrary, capricious, and with the purpose of financially harming Plaintiffs, and with the intention either to obtain an unjust advantage or to cause a loss or inconvenience to Plaintiffs.

56. Plaintiffs have been substantially damaged as a result of Defendants' stream of unlawful activities and/or fraudulent acts, which have been ongoing and continuous since Plaintiffs and Defendants began transacting business through the present.

**FIRST CAUSE OF ACTION**
**(FRAUD)**

57. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

58. Plaintiffs do not claim or seek coverage or benefits on behalf of their patients, and expressly waive same, but instead seek to enforce independent state law (not federal law) legal

7

duties that Defendants owe directly to Plaintiffs. Plaintiffs specifically refuse to plead and expressly waive any rights they may have against Defendants under any and all federal laws, either independently or on behalf of their patients.

59. Fraud is defined in the Louisiana Civil Code as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." Fraud may result from silence or inaction. *See* La. C.C. art. 1953.

60. Defendants authorized Plaintiffs to perform the subject medical services to Defendants' customers knowing that Plaintiffs expected to be paid a fair and reasonable amount.

61. Defendants' misrepresentations were of material facts because Plaintiffs relied, to their detriment, on such misrepresentations and statements made by Defendants as to the existence and extent of Defendants' offer or agreement to pay a reasonable amount for Plaintiffs' provision of medical services to Defendants' customers.

62. Upon information and belief, Defendants intended to deceive Plaintiffs with Defendants' misrepresentations and systematic failure to pay Plaintiffs a reasonable amount and obtained an unjust advantage by keeping the monies Defendants promised and/or represented to pay Plaintiffs for medical services provided by Plaintiffs to Defendants' customers.

63. Plaintiffs were reasonably entitled to rely upon Defendants' representations and statements in accepting Defendants' customers as patients, based upon Defendants' representations that Defendants would pay a reasonable and fair amount for the care rendered by Plaintiffs.

64. After authorizing medical procedures, Defendants systematically and intentionally failed to notify Plaintiffs that Defendants no longer believed the procedures were medically necessary, and then denied payment to Plaintiffs based on Defendants' internal change of position regarding the authorizations.

65. Furthermore, and upon information and belief, Defendants also interfere with and/or administer claims for out of state insureds and intentionally and systematically underpay Plaintiffs for their services to Defendants' out of state insureds. Defendants also, upon information and belief, remit and/or transmit the payments, if any, to Plaintiffs for Plaintiffs' services to Defendants' out of state insureds.

66. Plaintiffs have been damaged as a result of Defendants' fraudulent actions, including extreme underpayment, in an amount to be proven at trial.

67. Plaintiffs will prove these and other facts and circumstances establishing the fraudulent conduct of Defendants at time of trial.

68. Defendants' fraudulent actions and/or unlawful acts have been ongoing and continuous since the parties hereto began transacting business, and has caused Plaintiffs successive damages, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## (ABUSE OF RIGHTS)

69. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

70. Plaintiffs do not claim or seek coverage or benefits on behalf of their patients, and expressly waive same, but instead seek to enforce independent state law (not federal law) legal duties that Defendants owe directly to Plaintiffs. Plaintiffs specifically refuse to plead and expressly waive any rights they may have against Defendants under any and all federal laws, either independently or on behalf of their patients.

71. The "abuse of rights" doctrine is applied in circumstances because its application renders unenforceable one's otherwise judicially protected rights. The doctrine is applied in the context of existing contractual relationships between parties, and if the predominate motive for the defendant is to cause harm.

72. Upon information and belief, Defendants intended to deceive Plaintiffs with Defendants' misrepresentations and systematic failure to pay Plaintiffs a reasonable amount and obtained an unjust advantage by keeping the monies Defendants promised to pay Plaintiffs for medical services provided by Plaintiffs to Defendants' customers.

73. Plaintiffs were reasonably entitled to rely upon Defendants' representations and statements in accepting Defendants' customers as patients, based upon Defendants' representations that Defendants would pay for care rendered by Plaintiffs.

74. Furthermore, and upon information and belief, Defendants also interfere with and/or administer claims for out of state insureds and intentionally and systematically underpay Plaintiffs for their services to Defendants' out of state insureds. Defendants also, upon information and belief, remit and/or transmit the payments, if any, to Plaintiffs for Plaintiffs' services to Defendants' out of state insureds.

75. Plaintiffs have been injured and damaged as a result of Defendants' actions in an amount to be proven at trial.

76. Plaintiffs will prove these and other facts and circumstances establishing the fraudulent conduct of Defendants at time of trial.

77. Defendants' fraudulent actions and/or unlawful acts have been ongoing and continuous since the parties hereto began transacting business, and has caused Plaintiffs successive damages, in an amount to be proven at trial.

### THE CLAIMS OF PLAINTIFFS ARE EXCLUSIVELY STATE LAW CLAIMS

78. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

79. This case arises and is brought exclusively under the laws of Louisiana, not the laws of the United States. Nothing pleaded herein alleges any relief governed by or available pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, or the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 *et seq.*, or federal common law, or any claims involving a federal officer. To the extent that any such claims may be even implied, Plaintiffs expressly reject such implications and expressly state that they do not and will not seek damages for any such claims and expressly waive same.

80. Plaintiffs' claims do not relate to employee welfare benefit plans subject to federal law pursuant to either ERISA, 29 U.S.C. § 1132(a), or FEHBA, 5 U.S.C. § 8901 *et seq.*, and Plaintiffs expressly waive same. Further, Plaintiffs do not challenge the benefit that may be owed to the patients. Finally, Plaintiffs specifically do not seek any coverage determination or finding as to what benefits may be owed/not owed under any insurance policy to or on behalf of their patients. Plaintiffs specifically refuse to plead and expressly waive any rights they may have against Defendants under any and all federal laws, either independently or on behalf of their patients.

81. Plaintiffs do not seek to recover for alleged underpayments of health benefits owed to their patients or for their patients and expressly waive same. Plaintiffs do not seek to enforce rights or recover benefits under the terms of any insurance policy.

82. Plaintiffs do not seek to recover benefits under ERISA for their patients and expressly and hereby waive same.

83. Plaintiffs do not seek to recover benefits from FEHBA-governed health benefits plans for their patients and hereby expressly waive same. Furthermore, Plaintiffs do not seek to recover any amounts for Defendants' payment misrepresentations that are related to treatment of any patient who may have an FEHBA insurance policy, and hereby expressly waive and disclaim such recovery.

84. Plaintiffs do not claim or seek coverage benefits on behalf of their patients, and hereby expressly waive same, but instead seek to enforce state law legal duties that Defendants owe directly to Plaintiffs. Plaintiffs' suit seeks only to enforce their own state law legal rights against Defendants. Federal law does not and cannot preempt Plaintiffs' state law claims because Plaintiffs expressly waive any and all federal law claims they may have against Defendants.

85. Moreover, Plaintiffs' claims do not require a determination of any federal rights and Plaintiffs hereby expressly waive same.

86. Plaintiffs are not, do not, and will not make a claim against Defendants either expressly or impliedly under ERISA. Plaintiffs are not and will not make a claim against Defendants either expressly or impliedly based upon assignments regarding claims Defendants' customers may have against Defendants and hereby expressly waive same.

87. Plaintiffs are not making a claim either expressly or impliedly that Defendants' customers did not receive their benefits under the terms of their plans or claim that the relationship between Defendants' customers and their employers was adversely affected. Plaintiffs are not seeking to recover any monies promised on that basis and hereby expressly waive same.

88. Plaintiffs' suit is exclusively a direct action to enforce their own legal rights to payment (as opposed to a derivative suit seeking to enforce patients' rights), and therefore is not a suit under FEHBA. FEHBA does not preempt Plaintiffs' direct claim — brought exclusively under Louisiana law (not federal law). Plaintiffs are not claiming monies for the failure of Defendants to respect their patients' rights and hereby expressly waive same.

89. Plaintiffs are not and will not make a claim either expressly or impliedly against a federal officer arising out of his/her official duties and hereby expressly waive same. In fact, Plaintiffs expressly waive any claims they may have suggesting that a federal officer did anything wrong, much less injure anyone, including Plaintiffs, and hereby expressly waive same. Plaintiffs further deny that any Plaintiffs' patients/Defendants' customers were federal officers and do not

FILED
2019 OCT 10 AM 10: 53
CIVIL
DISTRICT COURT

and will not seek any monies from Defendants for Defendants' failure to pay for same. Further, if any Plaintiffs' patient/Defendants' customer had a FEHBA health insurance policy, Plaintiffs hereby expressly eliminate and separate that patient(s) and any corresponding medical bill(s) for treatment from this lawsuit and do not seek and will not accept a single cent for the failure of Defendants to pay Plaintiffs same. As such, Plaintiffs expressly waive same.

90. Plaintiffs are not and will not make a claim or seek recovery and/or damages in this matter under La. R.S. 40:2010 and/or Defendants violation of La. R.S. 40:2010, and expressly exclude such relief in this lawsuit only.

## JURY DEMAND

91. Plaintiffs assert that their damages exceed that necessary for a trial by jury and, therefore, request a jury trial.

## PRAYER

**WHEREFORE**, Plaintiffs pray that they be granted leave to file this Third Amended Petition; and further pray that Defendants be served with a copy of this Petition, and after all legal delays and due proceeding had before a jury, there be judgment in favor of Plaintiffs and against Defendants, jointly and solidarily, for the amount of damages proved at trial, together with legal interest, all costs of these proceedings, and for all other relief, including, but not limited to, attorneys' fees, as are appropriate.

Respectfully submitted,

**CHEHARDY, SHERMAN, WILLIAMS,
MURRAY, RECILE, STAKELUM & HAYES,
L.L.P.**

_____
JAMES M. WILLIAMS (BRN 26141)
DAVID R. SHERMAN (BRN 12015)
DANIEL E. BURAS, JR. (BRN 26226)
MATTHEW A. SHERMAN (BRN 32687)
PATRICK R. FOLLETTE (BRN 34547)
One Galleria Blvd., Suite 1100, Metairie, LA 70001
P. O. Box 931, Metairie, LA 70004-0931
Telephone: (504) 833-5600
Fax: (504) 833-8080
*ATTORNEYS FOR PLAINTIFFS*

FILED

2019 OCT 10 AM 10: 53

U.S. DISTRICT COURT
CIVIL

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of _October_, 2019, I have served a copy of the foregoing pleading on counsel of record in this matter via facsimile, electronic mail, hand-delivery, and/or by placing the same in the United States mail, postage prepaid.

_____
MATTHEW A. SHERMAN