## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ST. CHARLES SURGICAL**                                   **CIVIL ACTION**
**HOSPITAL, LLC, ET AL.,**
   **Plaintiffs**

**VERSUS**                                                 **NO.  19-13497**

**LOUISIANA HEALTH SERVICE**                               **SECTION: "E" (5)**
**& INDEMNITY COMPANY, ET AL.,**
   **Defendants**


### ORDER AND REASONS

On March 8, 2021 the Fifth Circuit Court of Appeals vacated the judgment of the district court remanding this action to state court[1] and remanded this action for further proceedings consistent with its opinion.[2] Specifically, this Court was directed to determine whether the waiver by St. Charles Surgical Hospital ("Hospital") of its FEHBA claims was valid or, alternatively, whether, irrespective of the waivers, the Hospital's complaint against Blue Cross Blue Shield of Louisiana ("BCBS") does not include any federally-governed claims. The Fifth Circuit also directed this Court to consider whether, if federal officer jurisdiction is implicated, the federal officer removal statute provides a basis for removal.[3] BCBS briefed the issues raised by the Fifth Circuit,[4] as did the Hospital and the Center for Restorative Breast Surgery ("Center") (Hospital and Center sometimes referred to collectively as the Plaintiffs).[5] BCBS filed a reply to address the arguments of

---

[1] R. Doc. 27.

[2] R. Doc. 49-1.

[3] On appeal, BCBS challenged only this Court's conclusion that BCBS could not remove this case under 28 USC § 1442(a)(1), the federal officer removal statute. An order remanding a case to state court pursuant to section 1442 is reviewable by appeal. *Latiolais v. Huntington Ingalls, Inc.,* 951 F.3d 286, 290 (5th Cir. 2020).

[4] R. Doc. 57.

[5] R. Doc. 58.

the Plaintiffs.[6] Oral argument was held on July 6, 2021.[7] BCBS filed a post-hearing memorandum,[8] as did the Plaintiffs.[9] For the following reasons, the motion to remand is **GRANTED**.[10]

## BACKGROUND

This Court's lengthy history with this matter is set forth extensively in the Court's Order and Reasons dated February 11, 2020 granting the motion to remand,[11] and will not be here repeated in full here. For purposes of this order, it is sufficient to recall that on April 6, 2010 the Plaintiffs filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana (previous opinions refer to this litigation as *Blue Cross I*). BCBS removed *Blue Cross I* to this Court on April 12, 2011 based on federal question jurisdiction and the federal officer removal statute.[12] Final judgment was entered in *Blue Cross I* on March 31, 2017, and the Center and Hospital filed an appeal on April 21, 2017.[13] On August 16, 2017, the appeal was dismissed pursuant to the appellants' motion.

On February 3, 2017, the Center and the Hospital filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, against Blue Cross Blue Shield of Louisiana, Blue Cross & Blue Shield of Louisiana, Inc., and HMO Louisiana, Inc. (previous opinions refer to this litigation as *Blue Cross II*).[14] The Center and the Hospital made claims in *Blue Cross II* on four counts: (1) breach of contract; (2) detrimental reliance; (3)

---

[6] R. Doc. 59.
[7] R. Doc. 66 (transcript of oral argument).
[8] R. Doc. 67.
[9] R. Doc. 68.
[10] R. Doc. 11.
[11] R. Doc. 27.
[12] *Center for Restorative Breast Surgery, L.L.C., et al. v. Blue Cross Blue Shield of Louisiana, et al.*, Civil Action Number 11-806 (hereinafter "*Blue Cross I*"), R. Doc. 1.
[13] *Ctr. Restorative Breast Surg, et al. v. Blue Cross Blue Shield of LA, et al.*, No. 17-30339 (5th Cir. 2017).
[14] *St. Charles Surgical Hospital, LLC, et al. v. Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, et al.*, Civil District Court for the Parish of New Orleans, State of Louisiana, Docket No. 17-01095 (hereinafter, "*Blue Cross II*").

negligent misrepresentation; and (4) fraud. In their answer, Blue Cross Blue Shield of Louisiana and HMO Louisiana, Inc. alleged the Center and the Hospital were asserting the same claims previously alleged and decided in federal court.[15] As a result, the Plaintiffs amended their state court petition "to make it more abundantly clear that the claims made in the Petition are separate and distinct claims from those allegedly made in federal court."[16]

On April 28, 2017, BCBS filed suit in this court against the Center and the Hospital under the All Writs Act and the Anti-Injunction Act (previous opinions refer to this action as *Blue Cross III*).[17] On May 23, 2017, this Court enjoined Plaintiffs from making claims in state court for breach of contract, detrimental reliance, and negligent misrepresentation claims under the All Writs Act and the Anti-Injunction Act.[18]

On June 19, 2017, the Center and the Hospital amended their state court petition in *Blue Cross II* for the second time to assert only fraud and abuse-of-rights claims under Louisiana law.[19] Over the next two years, the parties engaged in "extensive discovery and procedural challenges by Defendants" as well as requests for intermediate review in state court.[20] On October 10, 2019, the Center and the Hospital moved for leave to file a third amended petition, which the state court granted on November 7, 2019.[21] In the third amended petition, the Plaintiffs realleged their fraud and abuse-of-rights claims and expressly pled waiver of recovery for any claim that may have occurred in connection with

---

[15] R. Doc. 8-1 at 14.
[16] *Id.* at 26.
[17] *Louisiana Health Service & Indemnity Company, et al. v. Center for Restorative Breast Surgery LLC, et al.*, Civil Action No. 17-4171 (hereinafter, "*Blue Cross III*"), R. Doc. 1.
[18] *Blue Cross III*, R. Docs. 23 (Order and Reasons) and 24 (Judgment).
[19] R. Doc. 1 at ¶ 9; R. Doc. 8-1 at 54.
[20] R. Doc. 11-1 at 2.
[21] R. Doc. 1 at ¶¶ 10-12; R. Doc. 11-1 at 6.

federally-insured plaintiffs. According to the Center and the Hospital, the third amended petition "was filed out of an abundance of caution and in order to ensure Plaintiffs' allegations of fraud were pled 'with particularity.'"[22] On October 31, 2019, Plaintiffs produced discovery responses that detailed individual patient transactions at issue in the litigation.

Shortly thereafter, on November 7, 2019, Blue Cross Louisiana Defendants removed the case to federal court, arguing federal subject matter jurisdiction exists because (1) the Center and the Hospital's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* and the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 *et seq.*, and (2) removal is proper under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1).[23] The Plaintiffs filed a motion to remand arguing (1) the court lacks subject matter jurisdiction over this matter because the claims are not preempted and the federal officer removal statute is inapplicable, and (2) Blue Cross Louisiana Defendants' removal was untimely. The Center and the Hospital also sought an award of just costs and actual expenses, including attorney's fees, pursuant to 28 U.S.C. § 1447(c). On February 11, 2020, this Court granted the Center and the Hospital's Motion to Remand but denied their request for attorneys' fees.[24] The Court held the claims were not preempted by ERISA or FEHBA and there was insufficient evidence to show that BCBS "acted under" any federal officer. BCBS appealed the Court's finding that there was insufficient evidence to find BCBS acted under the direction of any federal officer. The Fifth Circuit vacated this Court's order and remanded the case for further proceedings.

---

[22] R. Doc. 11-1 at 6.
[23] R. Doc. 1.
[24] R. Doc. 27.

4

## LAW AND ANALYSIS

The Fifth Circuit directed this Court first to determine whether the Plaintiffs' third amended petition includes any federally-governed claims. To do this, the Court will first address whether the waivers of all federally-governed claims in the third amended petition are valid. The Court then will address whether the "discovery disclosures to the contrary were inadvertent."[25]   If the third amended petition does not include any federally-governed claims, and the discovery disclosures were inadvertent, the federal officer removal statute is not implicated and cannot serve as a basis for removal.

In the third amended petition, with respect to both their fraud claim and their abuse-of-rights claim, the Center and the Hospital state:

> [The Center and the Hospital] do not claim or seek coverage or benefits on behalf of their patients, and expressly waive same, but instead seek to enforce to independent state law (not federal law) legal duties that Defendants owe directly to Plaintiffs. Plaintiffs specifically refuse to plead and expressly waive any rights they may have against Defendants under any and all federal laws, either independently or on behalf of their patients.[26]

The Center and the Hospital devote an entire section of the third amended petition, under the heading "The Claims of Plaintiffs are Exclusively State Law Claims," to explaining how their case "arises and is brought exclusively under the laws of Louisiana" and their claims "do not relate to employee welfare benefit plans subject to federal law pursuant to either ERISA, 29 U.S.C. § 1132(a), or FEHBA, 5 U.S.C. § 8901 *et seq*., and Plaintiffs expressly waive the same."[27] In their third amended petition, Plaintiffs expressly pled that they waived recovery for any fraud or abuse-of-rights claims that may have occurred in connection with federally-insured patients. The Court finds the Plaintiffs' waivers are

---

[25] R. Doc. 49-1 at 13.
[26] R. Doc. 8-1 at 89-90, ¶ 58; 91, ¶ 70.
[27] *Id*. at 92, ¶¶ 79-80.

valid and were in place prior to removal. The cases cited by BCBS in which parties "disclaim allegations giving rise to federal officer removal only *after* the case was removed" are inapposite.[28] Plaintiffs waived their right to any federally-governed claims in the third amended petition, not after removal. As Plaintiffs note, they have not amended their third party petition before or after BCBS removed this case.

Notwithstanding these express waivers included in the third amended complaint in *Blue Cross II*, Plaintiffs produced discovery responses that detailed individual patient transactions at issue in the litigation. According to BCBS, these documents contain "dozens" of claims that implicated FEHBA-governed insurance benefits.[29] BCBS contends this was the first notice BCBS received that the Plaintiffs' claims included federally-insured patients, which led to the removal. BCBS argues it has asserted a colorable federal defense since the time the Plaintiffs produced in discovery a list of patient transactions at issue including patients with FEHBA-covered plans.[30]

The Plaintiffs respond that the disclosures were inadvertent and BCBS was aware prior to the discovery responses being sent that any inclusion of FEHBA-governed transactions in the discovery responses was "inadvertent and should be disregarded."[31] In the affidavit of Matthew A. Sherman, an attorney representing the Hospital, he attests that on October 31, 2019 he spoke to counsel for BCBS and informed him that to the extent Plaintiffs' production of documents included documentation related to federally-insured transactions, such production was inadvertent because the claims asserted by Plaintiffs specifically excluded recovery for any service rendered to a federal employee;

---

[28] R. Doc. 67 at pp. 2-3.
[29] R. Doc. 57 at 3.
[30] *Id.* at 19.
[31] R. Doc. 58-1.

on October 27, 2019 Sherman emailed counsel for BCBS to ensure that "the excluded claims (i.e., federal employees) are not included; on October 28, 2019, Sherman had a telephone conversation with counsel for Plaintiffs in which Sherman reiterated that production of any documentation related to federally-insured transactions was inadvertent because the claims asserted by Plaintiffs specifically excluded recovery for any service rendered to a federal employee; and Sherman's transmittal letter for the production of the documents on October 31, 2019 also stated that any production of documentation related to federally-insured transactions was inadvertent because the claims asserted by the Plaintiffs specifically excluded recovery for any service rendered to a federal employee.[32] At the time Plaintiffs' third amended petition, containing the waivers discussed above, was filed on November 7, 2019 the claims made by the Plaintiffs did not include federally-insured patients. The Court finds that, to the extent Plaintiffs' production of documents included documentation related to federally-insured transactions, such production was inadvertent because the claims asserted by Plaintiffs specifically excluded recovery for any service rendered to a federal employee.

Prior to oral argument, the Plaintiffs filed a stipulation into the record on July 5, 2021 by which, they argue, they have removed any doubt or concern BCBS may have had regarding whether Plaintiffs intend to introduce evidence regarding any FEHBA-governed plan.[33] In supplemental post-hearing briefing, BCBS provided a stipulation it says more clearly applies to both ERISA-governed and FEHBA-governed claims and/or plans, clarifies that Plaintiffs cannot use FEHBA-governed and ERISA-governed claims and/or plans as part of their case in any way, and prohibits the Plaintiffs from seeking or

---

[32] *Id.*
[33] R. Doc. 64.

producing discovery related to FEHBA-governed and ERISA-governed claims and/or plans.[34] In response, the Plaintiffs filed in the record an additional stipulation signed by the Plaintiffs' representatives under penalty of perjury that is substantially similar to the one provided by BCBS.[35] The stipulation signed by the Plaintiffs should remove any concerns BCBS may have.

The Court finds the Plaintiffs' third amended petition does not include any federally-governed claims and, alternatively, that the Plaintiffs' waivers of such claims are valid and enforceable. Furthermore, the Court finds the Plaintiffs' production of documentation related to federally-insured transactions in the state court proceeding was inadvertent. Because no federal officer jurisdiction is implicated, the Court need not address whether Plaintiffs' claims are removable because BCBS "acted under" the Office of Personnel Management ("OPM")[36] or whether the alleged conduct underlying the Plaintiffs' fraud and abuse-of-rights claims was connected or associated with (or related to) any federal directive from OPM.

## CONCLUSION

**IT IS ORDERED** that the motion to remand filed by Center and the Hospital[37] is **GRANTED.** This matter is **REMANDED** to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

**New Orleans, Louisiana, this 21st day of July, 2021.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[34] R. Doc. 67 at pp. 4-5.
[35] R. Doc. 68-2.
[36] OPM is the federal agency that contracted with BCBS for administration of claims of federal health insurance plans.
[37] R. Doc. 11.